**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:18-cv-00496-JRG-RSP |
| GOOGLE LLC, | § § § | |
| *Defendant*. | § | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Defendant Google LLC's ("Google") Motion to Compel Plaintiff Uniloc 2017 LLC's Supplemental Interrogatory Response ("Motion"). **Dkt. No. 197**. Google's Motion seeks to compel Plaintiff Uniloc 2017 LLC ("Uniloc") to provide a more detailed response to Google's Interrogatory No. 5, particularly Subsection (3). After due consideration, the Court **DENIES** the Motion.

### I.  BACKGROUND

Google sent Uniloc interrogatories, including Interrogatory No. 5. Uniloc responded to primarily by incorporating Uniloc's Preliminary Infringement Contentions ("PIC"). *See* Dkt. No. 212 at 1. For Interrogatory No. 5(3) ("Subsection (3)"), Google requests that Uniloc "describe the complete factual and legal bases for Your contentions of infringement, Including by Identifying all Documents that contain information Regarding Your infringement contentions . . . ." Dkt. No. 197 at 2. Uniloc argues that this request was too broad. Dkt. No. 212 at 3. Google claimed it is fundamental discovery and filed the present motion. Dkt. No. 197 at 4.

## II.      LEGAL STANDARD

In this District, infringement contentions are required by Patent Local Rule 3-1, and provide great detail regarding how the plaintiff contends the defendant infringes the patent. While "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact" (Fed. R. Civ. P. 33(a)(2)), a court may deny a motion to compel with respect to an overly broad contention interrogatory. *See Sol IP, LLC v. AT&T Mobility LLC*, 2:18-cv-00526-RWS-RSP, 2020 WL 60140 (E.D. Tex. Jan. 6, 2020).

## III.     ANALYSIS

Google contends that Uniloc has provided no substantive response to Interrogatory No. 5, and this failure to respond is improper. Dkt. No. 197 at 1. Google argues that Uniloc needed to respond because Google's Interrogatory No. 5 seeks core information necessary for Google to defend itself, the interrogatory is appropriate and timely, and the information is not in Google's possession, custody or control. Dkt. No. 197 at 5-6. Uniloc counters that Google's Motion fails to acknowledge that Uniloc's response incorporated its PIC and fails to explain why Uniloc's responses are substantively deficient. Dkt. No. 212 at 1. The Court finds the interrogatory has been sufficiently answered and Subsection (3) is impermissibly broad.

The major difference between the information sought by the interrogatory and P.R. 3-1 is Subsection (3) of the interrogatory. Uniloc has adequately responded to the rest of Google's Interrogatory No. 5 by incorporating its PIC. The contentions set forth the legal and factual basis of the infringement theory, but the interrogatory seeks all of the evidence that supports the theory, something the contentions do not require.

This situation is somewhat analogous to the situation in *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, 6:09-cv-89, 2009 WL 4906860 (E.D. Tex. Dec. 9, 2009). As in Google's

Interrogatory No. 5, the interrogatory in *Balsam Coffee* had multiple requests for information, most of which is normally addressed by P.R. 3-1 disclosures. *Balsam Coffee Solutions Inc.*, 2009 WL 4906860, at *3. Requests 1, 3, and 4 of the interrogatory in *Balsam Coffee* "sought to elicit information addressed by P.R. 3-1." *Id.* "Plaintiff sufficiently responded to these requests, however, by incorporating by reference its P.R. 3-1 disclosures." *Id.* Requests 2 and 5, like Subsection (3), sought different information and the court in *Balsam Coffee* treated them differently. *Balsam Coffee Solutions Inc.*, 2009 WL 4906860, at *3-4.

The court in *Balsam Coffee* granted the motion to compel with respect to the interrogatory's request 5, which requested the plaintiff to "identify all evidence and documents supporting its infringement contentions." *Balsam Coffee Solutions Inc.*, 2009 WL 4906860, at *4. However, *Balsam* was a case involving packaging of coffee grounds, apparently much simpler than the technology in the instant case. In any event, a request for all evidence supporting the infringement case is not only overly broad, it is redundant. Plaintiff already has an obligation under the discovery order in this case to produce all of the documents that support its case. If Defendant has more targeted requests, and they are disputed by Plaintiff during the meet and confer process, then the Court will have the ability to resolve a live dispute and compel appropriate disclosure. For example, in *Semcon IP Inc. v. MediaTek Inc.*, relied upon by Defendants in brief, the Court compelled production of documents concerning commercial success and industry praise, not simply all evidence concerning infringement. No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871, at *4 (E.D. Tex. Feb. 28, 2018).

## IV. CONCLUSION

In sum, Uniloc adequately answered Interrogatory No. 5 except for Subsection (3) by incorporating by reference its contentions. As to Subsection (3), the Court finds the request overbroad and thereby due no additional response. Therefore, the Court **DENIES** the Motion to Compel (Dkt. No. 197).

**SIGNED this 8th day of May, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE